OJEDA, PLAINTIFF AND APPELLEE, *v.* COLL & GELABERT ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 1, in in an Action of Debt.

No. 1700.—Decided June 29, 1918.

DEMURRER—PARTIES.—It is not within the office of a demurrer to state objections not apparent upon the face of the complaint, *e. g.*, to name parties who should have been joined, and no conclusion is to be drawn from such statements adverse to the plaintiff.

LEASE—FORFEITURE.—The right of forfeiture reserved to the lessor may be enforced or waived at his option.

The facts are stated in the opinion.
*Mr. Antonio Sarmiento* for the appellants.
*Mr. Adrián Agosto* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On December 12, 1914, Andrés Coll and Lorenzo Gelabert, Jr., formed a partnership for a term of two years under the firm name of Coll & Gelabert.

On December 26 of the same year Rafael Ojeda leased a photograph gallery to the firm for a period of two years from the twenty-sixth of the preceding month at twenty-five dollars a month.

The agreement contained the following clause:

"4th. It is further expressly and absolutely agreed as the essential basis of this contract, that should two months elapse without payment of the agreed rent, *ipso facto*, this contract shall be deemed rescinded and all expenses for the collection or arising from the rental or any other expenses whatsoever growing out of this contract, including attorney's fees, shall be charged to the lessees, who by these presents promise to pay them without any excuse whatsoever."

In the same instrument Lorenzo Gelabert, Sr., who signs as surety, "guarantees the fulfilment of this contract, makes the debt and the terms thereof his own, and together with the lessees Coll & Gelabert pledges his property, present and future, waiving any and all rights he may have under any laws that might favor him."

In June, 1915, the partners executed a formal instrument purporting a dissolution of the partnership, Gelabert selling his interest therein to Coll.

Neither the articles of partnership nor the instrument of dissolution was recorded.

No rent was paid after June, 1915.

Ojeda agreed with an attorney to pay him forty dollars for the recovery of the unpaid rental and in July, 1916, suit was filed against the partnership and Lorenzo Gelabert, Sr., with a prayer for a joint and several judgment.

The judgment appealed from condemns the defendant firm as lessee and Lorenzo Gelabert, Sr., as surety in solidum, severally to pay to plaintiff the sum of $365, costs and disbursements.

Appellants insist that the district court erred in that—

1st. It did not sustain the demurrer for defect of parties defendant, filed by Lorenzo Gelabert, Jr., as a former partner of Coll & Gelabert.

2d. It did not sustain the demurrer for want of facts sufficient to constitute a cause of action filed by Lorenzo Gelabert, Sr.

3d. It violated the law of the contract entered into by Rafael Ojeda and Coll & Gelabert and Lorenzo Gelabert, Sr.

4th. It violated section 1224 of the Civil Code by applying to the defendants the effects of the agreement for the attorney fees between Rafael Ojeda and his lawyer, to which contract defendants were not parties.

The defendant partnership did not appear as such either in the municipal court, where the complaint was filed, or in

the district court, where the case was tried *de novo*. As indicated by the first assignment, Lorenzo Gelabert, through whom summons was served upon the firm, appeared, demurred, and answered as an ex-member of the partnership, setting up as a ground of demurrer the dissolution of the firm. It is not contended that, independently of the dissolution, a fact that does not appear from the face of the complaint, in an action brought under section 73 of the Code of Civil Procedure all the partners must be joined as defendants and served with summons in order to bind the joint property of all.

"It is not within the office of a demurrer to state objections not apparent upon the face of the complaint, *e. g.*, to name parties who should have been joined, and no conclusion is to be drawn from such statements adverse to the plaintiff." 1 Sutherland Code Pl., p. 189, sec. 273.

The argument in support of the second assignment is that under the terms of the lease Lorenzo Gelabert, Sr., is a mere guarantor of the obligation assumed by the firm, and not a solidary surety. While the language of the lease, substantially followed by the complaint, is not so clear and free from all ambiguity as it might be, we can not avoid the conclusion that the intention of the parties at the time of the contract was more in harmony with the theory of the complaint and of the two trial courts than with the interpretation now sought to be placed upon the agreement.

The third assignment is based upon the clause providing for the termination of the lease upon failure to meet two instalments of rent. The right of forfeiture so reserved to the lessor may be enforced or waived at his option. *Santiago* v. *Arés*, 25 P. R. R. 446.

In addition to section 1224 of the Civil Code, mentioned in the fourth assignment, appellants cite *Bank* v. *Ereño*, 22 P. R. R. 386, and *Com. Bank* v. *Echevarría*, 22 P. R. R. 516, as holding that an agreement to pay attorney fees, without fixing the amount, contemplates a reasonable fee. In the case

at bar the complaint alleged the obligation assumed in the lease and an agreement by plaintiff with his attorney to pay him forty dollars for his services.   The answer simply denied, for want of information, the contract between plaintiff and his attorney and the allegation of the complaint in regard thereto.   At the trial, while plaintiff was on the stand, the defense admitted the fact alleged in the complaint "as to contract of plaintiff with his attorney."   Appellants themselves later introduced the contract of lease.   The services were rendered under the eye of the court.   The charge, a trifle more than 10 per cent of the amount of the judgment, was clearly not excessive.   It does not appear that the point was raised below.   In order to collect a debt of $365 plaintiff has been compelled to press his claim for two years through three courts, and we are not disposed to make close inquiry at this stage of the proceedings as to whether or not, from a technical standpoint, plaintiff was entirely relieved by the circumstances from proving the reasonable value of the services rendered.

In view of the conclusions reached on the merits, we need not consider the motion to dismiss, taken under advisement at the hearing.

The judgment appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.